IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UH CLEVELAND MEDICAL CENTER, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> XAVIER BECERRA, Secretary, U.S. Department of Health & Human Services, in his official capacity, <br><br> Defendant. | Case No. 22-cv-909 (TJK) |

### JOINT MOTION TO STAY PROCEEDINGS

The parties jointly move to stay proceedings in this case pending certain agency rulemaking that is expected in early August 2022. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Feld Entm't, Inc. v. ASPCA*, 523 F. Supp. 2d 1, 2 (D.D.C. 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This Court has granted stays in other cases that raise substantially similar challenges to the same Medicare regulation, and good cause supports a stay here:

1.  Plaintiffs, a collection of hospitals that participate in the Medicare program, filed this suit to challenge the amount of reimbursement they received for their direct graduate medical expenses and the regulation that governs the reimbursement calculation. *See* Compl. ¶ 1, ECF No. 1. This case is still in the early stages of litigation; plaintiffs filed their Complaint on April 4, 2022, and defendant has not yet responded to the complaint.

2.  This case raises claims that are virtually identical to the claims that were at issue in *Milton S. Hershey Medical Center v. Cochran*, No. 1:19-cv-2680 (D.D.C.) (Kelly, J.) (lead case in five consolidated cases). In *Hershey*, this Court granted the plaintiffs' motions for summary judgment and denied defendant's motion for summary judgment. *See Milton S.*

*Hershey Med. Ctr. v. Becerra*, No. 1:19-cv-2680, 2021 WL 1966572, at *1 (D.D.C. May 17, 2021).

3. Defendant has since informed plaintiffs that the agency plans to address this Court's judgment in *Hershey* as part of the rulemaking for the FY 2023 Inpatient Prospective Payment System rule. The agency recently issued a proposed rule, which was published in the Federal Register on May 10, 2022, 87 Fed. Reg. 28,108, 28,409–416, and anticipates publishing a final rule in early August 2022.

4. The agency intends to recalculate plaintiffs' relevant payments consistent with the new rule promptly after it is finalized. The parties plan to continue discussing the agency's plan, and they anticipate further exploring whether they can resolve at least part of this case without the Court's intervention.

5. For some cost years for some of the plaintiff hospitals, this case raises additional threshold issues that were not at issue in *Hershey*. *See* Compl. ¶¶ 60–66. The parties believe that it would be most efficient to litigate these issues if necessary following the publication of the FY 2023 Inpatient Prospective Payment System final rule.

6. In deciding whether to grant a stay, courts consider three factors: "(1) [the] harm to the nonmoving party if a stay does issue; (2) the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue; and (3) whether a stay would promote efficient use of the court's resources." *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 20 (D.D.C. 2019).

7. These factors support a stay here. First, no nonmovant would be harmed by a stay, as the parties are jointly moving for this relief. Second, without a stay, the parties would have to use their resources to litigate a challenge to a regulatory formula that the agency is currently proposing to change through rulemaking, and to litigate reimbursement amounts that the agency intends to recalculate. Third, a stay would prevent this Court from potentially having to issue a decision—on a regulatory formula that the agency plans to change, that affects

payments the agency intends to recalculate—in a case that ultimately may not require the Court's intervention, or at least that may be significantly narrowed. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 120 (D.D.C. 2008) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (alteration and citation omitted)). And because this case is still in the early stages, a stay would not materially affect earlier proceedings. Indeed, this Court recently stayed other cases that also raise claims virtually identical to the claims that were at issue in *Hershey* based on the parties' similar discussions. *See* Minute Order, *Hosp. for Special Surgery v. Becerra*, No. 20-cv-2020 (TJK) (D.D.C. Oct. 6, 2021); Minute Order, *Northwestern Mem. Hosp. v. Becerra*, No. 22-cv-313 (TJK) (Apr. 19, 2022); Minute Order, *Albert Einstein Med. Ctr. v. Becerra*, No. 21-cv-3268 (TJK) (May 19, 2022).

8. Thus, the parties respectfully request that the Court stay proceedings in this case, and hold it in abeyance. The parties jointly propose that they file a joint status report by August 12, 2022. A proposed order is attached.

Dated: June 7, 2022 Respectfully submitted,

*/s/ Ronald S. Connelly*
RONALD S. CONNELLY
D.C. Bar No. 488298
Powers Pyles Sutter & Verville, PC
1501 M Street, N.W., 7th Floor
Washington, DC 20005
Tel: (202) 872-6762
Fax: (202) 785-1756
Email: Ron.Connelly@PowersLaw.com

*Counsel for Plaintiffs*

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

ERIC B. BECKENHAUER
Assistant Director

*/s/ Lisa Zeidner Marcus*
LISA ZEIDNER MARCUS (NY Bar 4461679)
Senior Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L St., NW, Twelfth Floor
Washington, DC 20530
Tel: (202) 514-3336
Fax: (202) 616-8470
Email: lisa.marcus@usdoj.gov

*Counsel for Defendant*